UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| LEWIS EDWARD AMOS, ) | Case No. 17-46980-659 |
| ) | Chief Judge Kathy A. Surratt-States |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| ROBIN L. CARPENTER, and ) | **Adversary No. 18-4031-659** |
| FLESNER WENTZELL, LLC, ) | |
| ) | **PUBLISHED** |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| LEWIS EDWARD AMOS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matters before the Court are Defendant's Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment, Plaintiffs' Motion for Summary Judgment and Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment, Joint Stipulated Facts, Response in Opposition to Plaintiff's [sic] Motion for Summary Judgment, Affidavit of Contravening Facts to Plaintiff's [sic] Memorandum of Law in Support of Summary Judgment, Memorandum in Opposition of Plaintiff's [sic] Motion for Summary Judgment and Plaintiffs' Response to Defendant's Motion for Summary Judgment. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT:**

Robin L. Carpenter (hereinafter "Carpenter") and Lewis Edward Amos (hereinafter "Debtor") were married on June 25, 1994 and five children were born of this marriage. Joint Stipulated Facts, ¶¶ 1 and 2. On March 1, 2011, Carpenter and Debtor filed for divorce in the Circuit Court of St. Charles County, Missouri (hereinafter "State Court"). Joint Stipulated Facts, ¶ 3. On December 9, 2011, the State Court entered Judgment of Dissolution of Marriage dissolving the marriage, awarding joint legal and physical custody of the minor children and setting

Debtor's child support obligation at $529.00.  Joint Stipulated Facts, ¶ 4; Exhibit 2. The succeeding years have been mired in constant litigation between Carpenter and Debtor.

Less than a year after the dissolution, on October 18, 2012, Debtor filed a Motion to Modify Judgment and Decree of Dissolution of Marriage as to Child Support, Visitation and Custody alleging an involuntary decrease in Debtor's income and an increase in Carpenter's income.  Joint Stipulated Facts, ¶ 5; Exhibit 5.  Debtor also sought to be designated the "residential parent" and to terminate his child support obligation.  Exhibit 5.  On October 28, 2013, Carpenter filed Respondent's Counter Motion to Modify Judgment and Decree of Dissolution of Marriage alleging that Debtor was not exercising his visitation rights, that the income of both Debtor and Carpenter had changed and the expenses of the children had increased.  Joint Stipulated Facts, ¶ 8; Exhibit 7.          After two and one-half years of attorney changes and motions to compel, for contempt and for sanctions, on August 4, 2015, the State Court entered Finding and Judgment of Modification awarding Carpenter reasonable attorney fees of $17,793.91 to be paid to Carpenter's attorneys, Flesner Wentzel, LLC (hereinafter "Flesner", collectively with Carpenter "Plaintiffs").  Joint Stipulated Facts, ¶ 33;Exhibit 24.  This Order was based on RSMO § 452.355 which directs the State Court to consider the economic position of the parties, the merits of the positions taken by the parties and whether either party increased the costs of litigation by its own actions.  Exhibit 24, ¶ 48.  The statute also requires the State Court to award reasonable attorney's fees in cases where the Court finds that the other party, without good cause, failed to pay child support.  Exhibit 24, ¶ 49.  The State Court found that Debtor failed, without good cause, to pay child support as ordered under the Judgement of Dissolution of Marriage.  Exhibit 24, ¶ 51.  Carpenter provided evidence to the State Court of attorney's fees incurred in the amount of $35,587.82 and the State Court then found it appropriate to award Carpenter $17,793.91 for reasonable attorney's fees to be paid by Debtor. Exhibit 24, ¶¶ 54 and 55.  Debtor appealed the Finding and Judgment of Modification.  Joint Stipulated Facts, ¶ 53. Debtor raised several points on appeal, including the validity of the award of attorney's fees, and the State Appellate Court affirmed the Finding and Judgment of Modification on all points.  Joint Stipulated Facts, ¶¶ 54 and 55.  The State Appellate Court found that the State Court properly awarded the attorney's fees based on the statute and evidence presented.  Joint Stipulated Facts. ¶¶ 57-59.

Debtor refused to comply with Carpenter's December 4, 2015 post judgment discovery. Joint Stipulated Facts, ¶ 60(d).  Carpenter raised this issue in her Motion for Contempt and to Set Aside Transfer filed on March 22, 2016. Joint Stipulated Facts, ¶ 60; Exhibit 34.  Carpenter also raised Debtor's failure to comply with the State Court Order and pay his child support obligations.  Joint Stipulated Facts, ¶ 60(a);Exhibit 34.  On April 22, 2016, the State Court entered an order requiring Debtor to respond to Carpenter's post judgment discovery requests. Joint Stipulated Facts, ¶ 62.  On May 24, 2016, Carpenter's Second Motion for Sanctions was filed regarding Debtor's failure to comply with the April 22, 2016 Order. Joint Stipulated Facts, ¶ 63.  On June 3, 2016, the State Court entered Judgment & Order granting Carpenter's Second Motion for Sanctions and ordered Debtor to pay $1,500.00.  Joint Stipulated Facts, ¶ 64; Exhibit 71.  On June 16, 2017, the State Court entered a Judgment for Contempt, regarding Carpenter's Motion for Contempt and to Set Aside Transfer, against Debtor and ordered Debtor to pay Carpenter an additional $9,000.00 in attorney's fees. Joint Stipulated Facts, ¶ 70;Exhibit 37.  The State Court found that Debtor willfully failed and refused to pay child support as ordered.  Exhibit 37, ¶ 24.  The State Court also found that to the extent that Debtor was unable to pay he had intentionally and contumaciously put himself in the position by ceasing to work and liquidating his bank account.  Exhibit 37, ¶ 25.

On October 11, 2016, Carpenter filed a Writ of Habeas Corpus with the State Court alleging that Debtor was unlawfully restraining one of their minor children. Joint Stipulated Facts, ¶ 72; Exhibit 40.  On March 6, 2017, Carpenter filed Motion for Family Access in State Court. Joint Stipulated Facts, ¶ 77.  On March 31, 2017, the State Court entered Judgment and Order on Family Access Motion that ordered Debtor to return the minor child to Carpenter, found that Debtor had denied or interfered with Carpenter's custodial time and ordered Debtor to pay Carpenter's counsel $4,547.00 in attorney's fees.  Joint Stipulated Facts, ¶ 78; Exhibit 44.

On October 12, 2017, Debtor filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code. On January 4, 2018, Plaintiffs filed the following Proofs of Claim: Claim 1 in the amount of $4,660.82 based on the Judgment and Order on Family Access Motion entered by the State Court on March 31, 2017, consisting of the judgment amount of $4,447.00 and interest at 9% from the date of judgment to the date of Debtor's bankruptcy filing of $213.82 (Joint Stipulated Facts, ¶¶ 84 and 85); Claim 2 in the amount of $17,818.22 based on the Finding

and Judgment of Modification entered by the State Court on August 4, 2015, consisting of the judgment amount of $17,314.44[1] and interest at 9% from the date of judgment to the date Debtor's bankruptcy filing of $503.78 (Joint Stipulated Facts, ¶¶ 86 and 87); Claim 3 in the amount of $1,683.45 based on the Judgment & Order entered by the State Court on June 3, 2015, consisting of the judgment amount of $1,500.00 and interest at 9% from the date of judgment to the date of Debtor's bankruptcy filing of $183.45 (Joint Stipulated Facts, ¶¶ 88 and 89); and Claim 4 in the amount of $9,261.86 based on the Judgment of Contempt entered by the State Court on June 16, 2017, consisting of the judgment amount of $9,000.00 and interest at 9% from the date of judgment to the date of Debtor's bankruptcy filing of $261.86 (Joint Stipulated Facts, ¶¶ 90 and 91).

On March 6, 2018, Carpenter and Carpenter's counsel, Flesner filed Complaint to Determine Dischargeability of Certain Debts Pursuant to 11 U.S.C. §§ 523(a)(5) and 523(a)(6) (hereinafter "Complaint"). The Complaint alleged two counts, Count I Objection to Discharge Pursuant to 11 U.S.C. §523(a)(6) and Count II Objection to Discharge Pursuant to 11 U.S.C. § 523(a)(5). On February 5, 2019, this Court entered Agreed Order on Defendant's Motion to Dismiss Count I, which dismissed Count I of the Complaint. This adversary proceeding seeks a determination that the debts for attorney's fees and sanctions that Debtor owes to Plaintiffs are nondischargeable under 11 U.S.C. § 523(a)(5).

Plaintiffs argue that the debts for attorney's fees and sanctions owed to them by Debtor are nondischargeable under § 523(a)(5) as domestic support obligations. Plaintiffs argue that the debts for attorney's fees and sanctions are domestic support obligations because the debts were "incurred protecting [Carpenter's] right to receive child support and enforce her right to receive support and/or protect the health and welfare of her children." Pls.' Mot. Sum. J.

Debtor argues that the debts for attorney's fees and sanctions are not domestic support obligations because the State Court awarded the attorney's fees and sanctions as a punitive measure. Debtor argues further that the intended function of the attorney's fees and sanctions awards determines if they are a domestic support

---

[1] The proof of claim is in the amount of $17,314.44 whereas the Judgment & Order states a different amount of $17,793.91.

-4-

obligations. Debtor also argues that he has weaker financial resources than Carpenter and that the State Court did not accurately consider their financial conditions in awarding the attorney's fees and sanctions. However, in the Finding and Judgment of Modification the State Court rejected both parties' Form 14 Child Support Amount Calculation Worksheet that list each parties' monthly gross income and prepared its own Form 14. Exhibit 24, ¶ 29. The State Court found Debtor's testimony regarding his income and business expenses was inconsistent and not credible and found that Debtor had monthly income of $3,247.66. Exhibit 24, ¶ 30. The State Court found that after testimony of a recent raise, that Carpenter had monthly income of $5,588.00. Exhibit 24, ¶ 31. Thus, the State Court was aware that Carpenter had a higher monthly income than Debtor. Additionally, Debtor testified in State Court that "he was not going to pay any child support amount to [Carpenter] because [Carpenter] had a higher income than [Debtor]". Debtor also stated that "he would rather be incarcerated than pay [Carpenter] child support." Finding and Judgment of Modification ¶¶ 59 and 60.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§151, 157, and 1334 (2018) and Local Rule 89.9-01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I)(2018). Venue is proper in this district under 28 U.S.C. § 1409(a) (2018).

## CONCLUSIONS OF LAW

Under Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable under Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2550 (1986). The moving party has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Id.* at 323. Once the moving carries its burden, the burden shifts to the non-movant. *Id.* In ruling on a motion for summary judgment, a court must view all the facts in a light most favorable to the non-moving party, and that party must receive the benefit

of all reasonable inference drawn from the facts. *Robinson v, Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989) citing *Trnka v. Elanco Prods. Co.*, 709 F.2d 1223, 1224-25 (8th Cir. 1983)).

Section 523(a)(5) states, "a discharge…does not discharge an individual debtor from any debt – for a domestic support obligation." 11 U.S.C. § 523(a)(5) (2018). Section 101(14A) of the Bankruptcy Code defines a domestic support obligation as "a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is – (A) owed to or recoverable by – (i) a spouse, former spouse, or child of the debtor or such child's parent … (B) in the nature of alimony, maintenance, or support … of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated." 11 U.S.C. § 101(14A) (2018).

Whether a debt is a domestic support obligation is a question of fact for the court. *In re Sullivan*, 423 B.R. 881 (Bankr. E.D. Mo. 2010). Plaintiffs argue that the debts for attorney's fees and sanctions are a domestic support obligation because they were incurred protecting and enforcing Carpenter's right to receive child support and protecting the health and welfare of the children. Attorney's fees may be excepted from discharge as domestic support obligations if the fees are incurred in relation to supporting the children. *Id.* at 883. If the proceeding which gave rise to the debt had a tangible effect on the welfare of the children, then the nature of the debt is that of supporting the children. *Adams v. Zentz*, 963 F.2d 197, 199 (8th Cir. 1992). Proceedings that involve custody matters and monetary child support duties have a tangible relationship to the welfare of the children. *In re Sullivan*, 423 B.R. 881, 883 (Bankr. E.D. Mo. 2010).

The issue before the Court is whether the debts for attorney's fees and sanctions that Debtor owes to Plaintiffs should be excepted from discharge under §523(a)(5) as domestic support obligations. The Court will look at each State Court order separately.

**I. Dischargeability of Attorney's Fees Under Finding and Judgment of Modification**

Debtor argues that the attorney's fees are not domestic support obligations because the State Court awarded the fees as a punitive measure. Debtor contends that it is the function that the attorney's fees award is

intended to serve, which determines whether the attorney's fees are a domestic support obligation. *Williams v. Williams*, 703 F.2d 1055, 1057 (8th Cir. 1983); *In re Phegley*, 443 B.R. 154, 159 (B.A.P. 8th Cir. 2011). However, in *Williams*, the issue was whether the debtor could discharge attorney's fees incurred in litigation determining (1) how the marriage debt obligation would be distributed and (2) how much alimony the debtor would pay his ex-wife. *Williams* is distinguished from the instant case because the proceedings had a tangible effect on the welfare of children of the marriage.

Likewise, the *Phegley* court's decision sought to provide guidelines for determining whether debts under a dissolution agreement, unrelated to the children, arise under a property settlement or a maintenance obligation. *Phegley*, 443 B.R. at 156-57. The *Phegley* court stated clearly that, "Exceptions from discharge for…child support deserve a liberal construction, and the policy underlying §523 favors the enforcement of familial obligations over a fresh start for the debtor." *Id.* at 158.

Here, Debtor requested to eliminate his monthly child support obligation and change his parental designation. Carpenter countered claiming Debtor was not exercising his visitation, was unable to care for the children, represented a threat to the health and welfare of the children, and was voluntarily underemployed. Pleadings filed by both Carpenter and Debtor dealt with custody and child support payment issues, and thus had a tangible effect on the welfare of the children. Furthermore, this Court notes that Debtor testified in State Court that "he was not going to pay any child support amount to [Carpenter] because [Carpenter] had a higher income than [Debtor]". Debtor also stated that "he would rather be incarcerated than pay [Carpenter] child support." Finding and Judgment of Modification, Exhibit 24, ¶¶ 59 and 60. Every parent has a legal obligation to provide for his or her children regardless of the existence of a child support order. *Garland v. Ruhl*, 455 S.W.3d 442, 444 (Mo. 2015) (en banc) (quoting *State v. Reed*, 181 S.W.3d 567, 570 (Mo. 2006). The fact that someone else provides support does not obviate the parent's obligation to do so, even if the child does not suffer deprivation. *In re J.D.D.*, 450 S.W.3d 836, 841 (Mo. Ct. App. E.D. 2014). To put it plainly, "the fact the minor child does not suffer deprivation of necessary food, clothing, lodging, medical or surgical attention because such needs are being supplied by another does not abrogate the parent's obligation." *Id.* at 841.

This Court finds that the attorney's fees Debtor owes to Plaintiffs pursuant to the Finding and Judgment of Modification are domestic support obligations, and are excepted from discharge under § 523(a)(5). Attorney's fees incurred by a party enforcing or defending rights to child support payments or custody are domestic support. *In re Sullivan*, 423 B.R. at 883; *In re Cavaluzzi*, 364 B.R. 363 (Bankr. E.D. Mo. 2007). Here, Debtor moved to eliminate his child support obligations and be designated the "residential parent" of the minor children. Over the next three years, Carpenter defended her rights to child support payments and to enforce the original parental designation of the State Court, thereby incurring attorney's fees totaling $35,587.82 of which Debtor was ordered to pay $17,793.91. Therefore, the attorney's fees awarded under Finding and Judgment of Modification were incurred in support of the children and are nondischargeable.

**II. Dischargeability of Attorney's Fees Under Judgment of Contempt**

After entry of the August 4, 2015 Order, Debtor did not make the child support payments owed to Carpenter. This issue was raised in Carpenter's Motion for Contempt and to Set Aside Transfer filed on March 22, 2016. On June 16, 2017, the State Court entered Judgment of Contempt requiring Debtor to pay child support arrearages, and Carpenter's related attorney's fees totaling $9,000.00. This Court finds that Carpenter's attorney's fees incurred in relation to the Motion for Contempt are domestic support obligations, and therefore nondischargeable under § 523(a)(5). Attorney's fees incurred by a party defending her rights under a child support order are domestic support obligations. *In re Cavaluzzi*, 364 B.R. 363 (Bankr. E.D. Mo. 2007). Because Carpenter incurred the attorney's fees enforcing her right to child support payments, the attorney's fees are a domestic support obligation and thus nondischargeable.

**III. Dischargeability of Attorney's Fees Under Judgment and Order on Family Access Motion**

On March 6, 2017, Carpenter filed Motion for Family Access Order to prevent Debtor's further violation of Carpenter's parental rights and to recover lost time with the minor child. Joint Stipulated Facts, ¶ 77; Exhibit 43. The State Court found that Debtor denied Carpenter access to one of their minor children. Joint Stipulated Facts, ¶ 78; Exhibit 44. Therefore, Carpenter's Motion for Family Access Order has a tangible effect on the welfare of the child and the attorney's fees awarded in relation to this motion were incurred in support of the children. Thus,

the attorney's fees are domestic support obligations that are nondischargeable. Therefore, Carpenter's attorney's fees incurred in relation to the Judgment and Order on Family Access Motion are domestic support obligations and nondischargeable under § 523(a)(5).

### IV. Dischargeability of Sanctions Under Judgment & Order Relating to Second Motions for Sanctions

On March 22, 2016, Carpenter filed a Motion for Contempt and to Set Aside Transfer alleging that Debtor failed to pay child support and failed to comply with discovery requests. Joint Stipulated Facts, ¶ 60; Exhibit 34. Carpenter later filed her Second Motion for Sanctions nand now seeks to have the related sanctions that were awarded be excepted from discharge. The Second Motion for Contempt had a tangible effect on the welfare of the children because Carpenter sought child support arrearages. For a proceeding to be in the nature of support for the children, it must have a tangible effect on the welfare of the children. Z*entz*, 963 F.2d at 199. However, in granting Carpenter's Second Motion for Sanctions the State Court was punishing Debtor for failing to reply to discovery requests. The Second Motion for Sanctions had no bearing on the outcome of the State Court's Judgment for Contempt and therefore, had no tangible effect on the welfare of the children. Thus, the sanctions ordered pursuant to the Judgment & Order were not incurred in support of the children and may be discharged. The sanctions entered against Debtor for failing to comply with discovery requests are not domestic support obligations and, therefore, are dischargeable under § 523(a)(5).

In viewing the facts in the light most favorable to Debtor, this Court finds there is no genuine issues of material fact regarding whether the attorney's fees Plaintiffs incurred pursuing modification, contempt and family access are domestic support obligations and that Plaintiffs are entitled to judgment as a matter of law. Therefore, these debts are nondischargeable pursuant to § 523(a)(5).

This Court also finds that there is no genuine issue of material fact regarding whether the sanctions awarded to Carpenter in pursuing the Second Motion for Sanctions are domestic support obligations and that Debtor is entitled to judgment as a matter of law. Therefore, this debt is dischargeable under § 523(a)(5).

An order consistent with the above will be entered separately in this matter.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: February 24, 2020
St. Louis, Missouri


Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO 63102

Lewis Edward Amos
21 Walnut Knoll Ct.
Saint Charles, MO 63304

Angela Redden-Jansen
3350 Greenwood Blvd.
Maplewood, MO 63143


David Nelson Gunn
The Consumer Law Center of Saint Louis
DBA The Bankruptcy Company LLC
2249 S. Brentwood Blvd
Brentwood, MO 63144